# Campbell *versus* O'Neill.

1. A reservation can be only of pure questions of law, and the facts should
either be agreed by the parties or found by the jury, so as to appear by the
record or in the bill of exceptions.

2. Without this, judgment cannot be entered *non obstante veredicto.*

3. The only exception is, reserving whether any evidence has been
given of some fact essential to the case of either party.

4. What are fixtures is a mixed question of law and fact.

February 21st 1870.    Before READ, AGNEW, SHARSWOOD and
WILLIAMS, JJ.    THOMPSON, C. J., at Nisi Prius.

Error to the District Court of *Philadelphia:* No. 226, to
January Term 1870.

This was an action of trover, brought November 30th 1867,
by Patrick Campbell against John O'Neill, for one steam-boiler,
one steam-engine, one still complete, one doubler, one worm and
worm-tub and one large tank.

In June 1866, the defendant O'Neill and John W. Cullen were
in partnership in the distilling business, they purchased a lot of
ground and erected on it buildings in which the articles the subject of this suit were put up for the purpose of carrying on their
business.    In December of the same year, Cullen purchased the
defendant's interest, real and personal, in the concern for $2000,
and agreed to pay the firm debts, at the same time he gave the
defendant a mortgage on the real estate bought, for $3000, to
secure the purchase-money and also as indemnity for the payment
of the firm debts.    Cullen in March 1867 rented the real estate

[Campbell *v.* O'Neill.]

to the plaintiff, sold him the fixtures, and gave him possession. Judgments were recovered against the firm for firm debts under which the real estate was sold October 26th 1867, to the defendant, the articles in controversy being in the buildings. The defendant took possession of the premises and refused to deliver these articles. The plaintiff gave evidence as to the mode of attachment of these articles and of their value.

The defendant submitted the following points:

1. If the jury believe that the building, with the appertenances, erected by John W. Cullen and John O'Neill, upon the lot of ground situate at the junction of Tenth street and Passyunk road, was intended to be used by them (either in whole or in part), as a distillery, or for the purpose of carrying on the business of distilling, and the steam-engine, boiler, still, doubler, mash-tubs, fermenting-tubs, and all other the property mentioned in said plaintiffs' declaration, were placed by them therein for that purpose, then they became and were parts and parcels of the realty, and as such might be mortgaged with the premises, and were subject to the liens of mechanics and material-men for work done or materials furnished for the erection and construction of said premises.

2. Upon a sale of the said premises by the sheriff that would discharge the lien of such mortgage, or the liens of mechanics and material-men, a deed by the sheriff to the purchaser thereof would vest a good title to the property in said declaration mentioned in said purchaser, without being specially named in such deed.

3. John O'Neill, the defendant, became the purchaser of said premises at such sheriff's sale, and having received a deed from the sheriff for the said premises, the title to all the property aforesaid passed to him by the said deed, and therefore the plaintiff cannot recover.

Hare, P. J., charged:—"Cullen and the defendant were in partnership, and subsequently the defendant sold out his interest to Cullen, and executed a deed to him, which has been offered in evidence; at the same time Cullen executed a mortgage to defendant: the question arises whether Cullen could, by making a sale of those fixtures, deprive defendant of the security which he held by his mortgage. It was said by Cullen, that O'Neill knew of this sale, but he did not say that he had notice before taking the mortgage. I doubt whether there is any evidence in this case to estop O'Neill from disputing that sale. Two questions of law arise: whether O'Neill's title under the mortgage is not better than the plaintiff's title arising under the purchase from Cullen. Second: whether the title of the purchaser at the sheriff's sale, under the judgment, is not better than the plaintiff's title. These points of law I will reserve, and you will find for the plaintiff,

[Campbell *v.* O'Neill.]

and assess the damage, not for what the fixtures were worth in the building, but for what they would be worth if carried away."

The verdict was for the plaintiff for $800. The court afterwards entered judgment for the defendant on the reserved points *non obstante veredicto*.

The plaintiff removed the record to the Supreme Court by writ of error and assigned the entering of judgment for error.

*J. P. O'Neill*, for plaintiff in error, cited Hill *v.* Sewald, 3 P. F. Smith 271; Harlan *v.* Harlan, 8 Harris 303; Coleman *v.* Lewis, 3 Casey 291; Storch *v.* Carr, 4 Id. 135.

*J. Blackburn* (with whom was *J. G. Brinckle*), for defendant in error, cited: Gray *v.* Holdship, 17 S. & R. 413; Morgan *v.* Arthurs, 3 Watts 140; Wademan *v.* Thorp, 5 Id. 115; Voorhis *v.* Freeman, 2 W. & S. 390; Christian *v.* Dripps, 4 Casey 271; Pyle *v.* Pennock, 2 W. & S. 116; Wright *v.* Chestnut Hill Iron Ore Co., 9 Wright 475; Hoskins *v.* Woodward, Id. 42.

The opinion of the court was delivered, March 3d 1870, by

SHARSWOOD, J.—The power of reserving questions of law, which is granted to the judges of the District Court by the 5th section of the Act of Assembly of March 28th 1835, Pamph. L. 90, is a very valuable one. It prevents in many cases the necessity of a *venire de novo*, where important and novel points are started which cannot be sufficiently examined and considered in the hurry of a trial. But it is a power to be cautiously used so as not to invade the province of the jury. Hence it has been determined that a reservation can only be of pure questions of law, and the facts should either be agreed by the parties or found by the jury, so as to appear of record or in the bill of exceptions, without which judgment cannot be entered *non obstante veredicto*. There is only one exception to this rule, and that a seeming one merely, where the question is whether any evidence has been given of some fact essential to the plaintiff's case or the defendant's defence: Wilde *v.* Trainor, 9 P. F. Smith 439.

What are fixtures is always a mixed question of law and fact. The things set forth and described in the declaration in this case primâ facie are personal property. Certainly in the hands of the manufacturer of them, or in the possession of any one disconnected with any building in which they may be used, they are so. It is plain that without some other facts, a court cannot say as matter of law that "one steam-boiler, one steam-engine, one still complete, one doubler, one worm and worm-tub, and one large tank," are fixtures per se. Nor is the court competent to draw from the evidence, however clear and uncontradicted it may be, an inference of fact necessary to make them so. We must do this to enable us to decide the questions reserved in this case. It is

[Campbell v. O'Neill.]

quite probable that these facts were not the subject of dispute in the court below. But that does not dispense with the necessity of putting them on the record as facts, and not merely the evidence of them. Whether the title of the defendant under the mortgage, or under his purchase at sheriff's sale, was or was not better than the title of the plaintiff, depended primarily upon the question whether the articles for the conversion of which the action was brought, were realty or personalty—in other words, were or were not fixtures.

The defendant's first point was properly framed and ought to have been answered. It submitted to the jury the question whether the building at the junction of Tenth street and Passyunk road was intended to be used as a distillery, and whether the property mentioned in the declaration, was placed therein for the purpose of carrying on the business of distilling. The 2d and 3d points of the defendant were improper because not based upon a similar hypothetical statement of fact.

We are of opinion that there was error in these reservations, and that consequently the judgment for the defendant entered by the court below *non obstante veredicto* was erroneous.

Judgment reversed, and *venire facias de novo* awarded.