## Heysham *versus* Dettre.

1. Heaters and gas-fixtures, though appurtenant to a house are personal property and may be the subject of an oral grant or reservation.
2. It is competent to show by parol that a heater and gas-fixtures were to pass to the purchaser of a house, under a written agreement in which no mention was made of such articles.
3. Defendant purchased a house of plaintiff. Before the delivery of possession plaintiff claimed the right to remove the heater and gas-fixtures, which defendant denied. Plaintiff threatened to remove them, when defendant gave his note for the value, making it payable to plaintiff alone. *Held,* in a suit on the note, that defendant could not assert that there was fraud or duress in the procurement of the note.
4. Where evidence is rejected, which, if admitted, would have been harmless, it is no ground for reversal.

March 25th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Error to the Court of Common Pleas of *Montgomery county :* Of January Term 1878, No. 262.

Assumpsit by Ambrose Dettre against Robert Heysham on a promissory note of the defendant for $110 made payable to the plaintiff ninety days from date. The defendant pleaded non assumpsit, payment with leave, fraud, want of consideration and set-off. It was in evidence on the part of defendant, that he bought a house of plaintiff; that when he bought he believed the fixtures, *i. e.*, the gas-fixtures and the heater, passed with the property ; that subsequently the plaintiff informed him that they did not pass,

[Heysham v. Dettre.]

and threatened to remove them, unless an additional consideration was paid; that defendant, relying upon a local usage, insisted they were his, and so believed them to be, but finally, and in order to prevent injury to the house, and under the influence of a threat from the plaintiff that he would strip the house of these fixtures, did sign and deliver the note in suit. The purchase was made under an agreement in writing, in which there was no mention of the heater and gas-fixtures. The defendant offered to prove that before the execution of this agreement, the plaintiff had agreed that the heater and gas-fixtures should go with the house. The admission of this evidence was objected to and the court sustained the objection.

In the general charge the court, Ross, P. J., inter alia, said : "I am unable to see under the testimony any proof of that duress, which, under the law, would avoid a contract. An act influenced by a desire for peace, and to avoid a contest as to a civil right, is not duress in law, when this desire is the ruling and controlling motive. I can see no evidence of a physical duress or constraint; and there was no fraud, which constructively amounts to constraint and is viewed by the law as an avoiding duress. * * * The defendant alleges fraud. I am unable to discern it. The plaintiff stood on his rights under the written agreement; and that was the final action of both. The defendant, after the agreement was signed, bargained or dickered for these fixtures, until the plaintiff reduced his claim on their account to $110, and, as he declares, drew it in a form that was non-negotiable by purposely omitting the words ' order or bearer.' This was a trick neither moral nor honorable, for his purpose was to resist its payment and make defence against it at maturity in the hands of the drawee. The Statute of Frauds and Perjuries requires that there must be some note in writing of an agreement to convey land, and even a leasehold interest cannot be created by parol to continue for more than three years. Under the written agreement for the sale and conveyance of these premises, I charge you distinctly the plaintiff had a right to remove the fixtures, as to which the contention arose. I further charge you that this agreement cannot be changed, altered or modified by parol evidence of what occurred before its execution. What was said and agreed immediately at the time of its execution, and which led to its execution on the part of the defendant, may be enforced as a part of it. I can find no evidence of any such modifying agreement, made at the time of its execution or subsequently thereto, and therefore I repeat, if you believe the entire evidence in the case your verdict will be for the plaintiff, with the inquiries for you as to the truth upon the disputed matter as to the insurance. It is said that a fraud was practised upon the defendant in obtaining this note. I can see no evidence of any actual fraud, nor of constructive fraud or duress. It does not even appear that the defend-

[Heysham *v.* Dettre.]

ant gave the note under protest. Anxiety to prevent the plaintiff's removal of the fixtures, a fear that the house would be injured by taking them out, a short notice of the plaintiff's determination to remove them, all operated, I have no doubt, upon, the defendant's mind and induced him to give the note. This did not constitute an avoiding duress. Against all illegal acts upon the part of the plaintiff in violation of his contract, the defendant had his legal remedy by either an action at law for damages or by an application for an injunction. If he had no legal remedy he had no legal right to object ; and if he desired the fixtures he had to buy them. If he had a legal remedy and resorted to a compromise, he is bound by its terms. Therefore it is apparent that this note, whether viewed simply as the consideration of the plaintiff's right to the fixtures or as a compromise of his illegal claim to remove them, may be enforced against the defendant."

The verdict was for plaintiff, and after judgment thereon defendant took this writ and assigned for error the rejection of the above testimony and the foregoing portions of the charge.

*George N. Corson*, for plaintiff in error.—It was not for the court to discover the fraud but for the jury, and the opinion of the court was hurtful to the defendant's case : Bank *v.* Maxwell, 31 P. F. Smith 139 ; Boud *v.* Bronson, 30 Id. 363. The defendant should have been permitted to have shown what was really the agreement between the parties. If a note be given by a mistake under the impression of existing indebtedness, and it turn out there is no such indebtedness to the payee of the note the payee cannot recover from the maker merely because he gave a note : Boud *v.* Bronson, *supra*.

*Charles Hunsicker*, for defendant in error.

Mr. Justice GORDON delivered the opinion of the court, May 7th 1879.

There is no doubt but that the court below erred in excluding the defendant's offer to show, by parol evidence, that the plaintiff had agreed that the gas-fixtures and heater should go with the house. They were personal property, and so were the subjects of · oral grant or reservation. The written agreement embraced realty exclusively, and there is nothing in it which precludes a collateral agreement concerning personal property. Growing crops pass by deed as appurtenant ·to land, and yet, as they are by custom personalty, a parol reservation of them is good : Backenstoss *v.* Stahler's Adm'rs, 9 Casey 251 ; Harbold *v.* Kuster, 8 Wright 392. If, then, growing crops may be thus dealt with, we see no reason for dealing otherwise with a portable heater and gas-fixtures.

This error, however, is harmless. Whether there was such an

[Heysham v. Dettre.]

agreement or not, was a matter about which the parties disputed; the one affirming, the other denying. Such being the case, the plaintiff had a right to retain the property until the question was legally settled. The defendant, however, professed to acquiesce in the plaintiff's view of the matter, and after some bargaining and cheapening, executed and delivered the note in controversy, and so got possession of the disputed articles.

There was in this, on part of the plaintiff, neither duress nor fraud. He had a right to insist on his understanding of the arrangement, and to make it the subject of compromise; and we agree with the learned judge who tried this case, that the defendant's small trick, in purposely making his note non-negotiable, in order that he might get possession of the disputed property, and at the same time leave the way open to impeach his own contract, was neither honorable nor honest.

Judgment affirmed.