## Carver et al. v. Gough, Appellant.

[Marked to be reported.]

*Landlord and tenant—Trade fixtures.*

A tenant for years may remove trade fixtures during his term, if, at the time he placed them upon the property, he intended to remove them before the expiration of his term.

A tenant of a farm for a term of years tore down an old kitchen or shed, and erected in its place a large and substantial kitchen at an expense of several hundred dollars. It was partly stone and partly frame, and securely fastened to the main building. He also erected on the premises at his own expense a house in which to cure tobacco at a cost of about twelve hundred dollars. It was a frame building, sixty-two by twenty-four feet, resting upon stone walls. At the time the improvements were made the tenant expected that he would be permitted to purchase the property, and if he was not able to buy it he expected to stay there while he lived. The death of his landlord prevented his expectations being realized. *Held*, that he was not entitled to remove the buildings.

*Provision in lease relating to improvements.*

A lessee covenanted that at the expiration of his term "he will vacate said premises without further notice, leaving the same in as good condition as the same now is or may be made by improvements, natural wear and decay, and casualties by the elements excepted." *Held*, that the lessee was bound at the expiration of his term to leave upon the premises whatever improvements he had made during his tenancy, and that it made no difference that he had insured his improvements in his own name with the knowledge and approval of his landlord.

*Rights of agricultural tenants to remove fixtures.*

Not decided whether agricultural tenants for years come within the rule relating to trade fixtures. McCullough v. Irvine, 13 Pa. 438, explained and distinguished.

Argued Feb. 6, 1893. Appeal, No. 72, July T., 1892, by defendant, Thomas H. Gough, from decree of C. P. Chester Co., dismissing exceptions to a master's report on a bill in equity

by I. Carey Carver et al., Ex'rs of Richard B. Baily, deceased. Before PAXSON, C. J., STERRETT, McCOLLUM, MITCHELL and DEAN, JJ.

Bill in equity to restrain tenant from removing buildings, erected during his tenancy.

The third paragraph of the bill was as follows:

" 3. That said Thomas H. Gough, the defendant, threatens to tear down and remove from said premises above mentioned, a frame tobacco house, which has been built on the premises, on stone foundations; a frame two-story kitchen, built on stone foundations, and which kitchen is attached to and part of the dwelling house; a frame privy; and stalls and partitions in the barn; and to thus despoil and injure said premises irreparably."

The case was referred to Wilmer W. MacElree, Esq., as master, who found the facts stated in the opinion of the Supreme Court. The master recommended a decree perpetually enjoining defendants from removing the buildings specified in the bill.

The following exceptions were filed to the master's report:

" 1. The master erred in his finding of fact that at the time Thomas H. Gough built the frame kitchen and tobacco house he intended them as permanent accessions to the land.

" 2. The master erred in not finding as a fact that both Thomas H. Gough and Richard B. Baily regarded and treated the frame kitchen and tobacco house as personal chattels, belonging to the former, and not as part of the land belonging to the latter.

" 3. The master should have found as a fact that the defendant and his assignees had the right to take away the improvements involved in this controversy, during the continuance of his lease.

" 4. The master erred in finding that the frame tobacco house was an agricultural fixture merely.

" 5. The master erred in deciding that a fixture erected by a tenant, for agricultural purposes, cannot be removed by him without the landlord's consent.

" 6. The master erred in not recommending that the plaintiffs' bill should be dismissed, as to the kitchen and tobacco house."

The exceptions to the master's report were dismissed by the court, in an opinion.

*Errors assigned* were (1–6) dismissing exceptions, quoting them.

*Thomas W. Pierce,* for appellant.—The want of intention to convert is imputed to a tenant, who attaches to the land fixtures for the use of his business, the law presuming in favor of trade that he meant to remove them before the end of his term, and it is only in leaving without removal the intention to make a gift of them to the landlord is imputed to him: Hill v. Sewald, 53 Pa. 274; Seeger v. Pettit, 77 Pa. 437; Benedict v. Marsh, 127 Pa. 309; Harmony Building Ass'n v. Berger, 99 Pa. 324; Thropp's Ap., 70 Pa. 395; Van Ness v. Pacard, 2 Pet. 144; Dubois v. Kelly, 10 Barb. 501; Ombony v. Jones, 19 N. Y. 244; Antoni v. Belknap, 102 Mass. 193; Hanraham v. O'Reilly, 102 Mass. 202.

No distinction can be drawn between a fixture for trade purposes, and for the convenience of a dwelling, which is removable, and one put up by the tenant of the farm for his convenience in that business.   And it is no less reasonable to hold that a fixture, put up by a tenant of a farm for a year, should be presumed to be intended to be taken away by him, than in the case of a tenant of a storehouse or mill: White v. Arndt, 1 Whart. 94.

The decision of Elwees v. Maw, 3 East, 38, is inapplicable to agricultural tenancies in this country, which are of short duration and almost universally for one year.   The right to remove fixtures that have been erected for the purposes of agriculture has not received the same favor in the English courts as that extended to the right of removal of trade fixtures.   But in the United States there is at least a strong tendency to place both kinds of fixtures on the same footing: 8 A. & E. Enc. L. 58.

*W. M. Hayes,* for appellees.—The testimony shows that defendant did not intend to remove the buildings.   The case is ruled by McCullough v. Irvine's Executors, 13 Pa. 438.

The correctness of the rule in Elwees v. Maw has been maintained by Gibbons on Fixt. *26, etc.; Grady on Fixt. *63, etc.; Brown on Fixt. § 32; Hill on Fixt. § 23, etc.; Ferard on Fixt. 56; see also Tyler on Fixt., p. 316.

Where a building is erected, the presumption is that it is part of the real estate, and not personal property: Dougherty v. Spencer, 23 Ill. Ap. 357 ; Harmon v. Kline, 12 S. W. R. 496 ; Friedlander v. Rider, 47 N. W. R. 83 ; 1 Washb. Real Prop., ch. 1, § 27 ; Taylor, Landlord and Tenant, § 550 ; Whiting v. Brastow, 4 Pick. 311. It is a question of intention for the jury or a master: Seeger v. Pettit, 77 Pa. 441.

Opinion by Mr. Chief Justice Paxson, February 20, 1893 :

The right of a tenant for years to remove what are called trade fixtures during his term, although affixed to the freehold, has been generally recognized, both in this country and in England. In all the recent cases, however, the true criterion has been held to be the intention on the part of the tenant to remove the fixtures during his term, at the time he placed them upon the property. The manner of their annexation is no longer the test: Hill v. Sewald, 53 Pa. 274 ; Seeger v. Pettit, 77 Pa. 440. This is an exception to the common law rule which was very strict in preventing a tenant from severing from the freehold anything which has been affixed to it. The question, whether the tenant for years of farm lands comes within the same exception to the common law rule, has not been much discussed in this state. The case of Elwes v. Maw, 3 East, 38, decided in 1802, rules very broadly that agricultural tenants for years in England do not come within the exception, and that where they had erected buildings for their own convenience which were let into the ground, and were of a permanent character, they could not be removed without the landlord's consent. Our own case of McCullough v. Irvine, 13 Pa. 438, recognizes the English case, just cited, as being the law of Pennsylvania. In McCullough v. Irvine, however, the contest arose between a tenant for life and the remainder men. It is almost needless to say that as between them there could be no such removal ; hence, McCullough v. Irvine cannot be said to be authority upon this subject.

In the case in hand the tenant made substantial and costly improvements during his lease. He tore down an old kitchen or shed and erected in its place a large and substantial kitchen at an expense of several hundred dollars. It was partly stone and partly frame, and securely fastened to the main building. He also erected on the premises at his own expense a house in

which to cure tobacco, at a cost of about twelve hundred dollars. It was a frame building, sixty-two by twenty-four feet, resting upon stone walls. The learned court below held that the tenant was not entitled to remove these buildings, and from that decree this appeal has been taken.

The case was referred in the court below to a master who has found upon sufficient evidence that when the appellant erected the buildings in question he had no thought of removing them. On the contrary, they were intended as permanent structures to remain upon the property, with the belief or expectation that he would be permitted to purchase the property, and if he was not able to buy it he expected to stay there while he lived. It was not denied that he had so testified in another proceeding. He had been upon the property about twenty years, and it is possible that but for the death of his landlord his expectations might have been fulfilled.

Were we to concede that agricultural tenants come within the rule as applied to trade fixtures it would not help the appellant, as the question of intention which, as before said, rules those cases, has been found against him by the master. Aside from this, the decree of the court below may be sustained for another reason. In the lease under which the appellant entered into the possession of the demised premises, he covenanted with the lessor that at the expiration of his term " he will vacate said premises without further notice, leaving the same in as good condition as the same now is or may be made by improvements, natural wear and decay, and casualties by the elements excepted." We think under this covenant he was bound at the expiration of his term to leave upon the premises whatever improvements he had made during his tenancy. We do not attach much importance to the fact that he insured his improvements in his own name, even if it be conceded that it was done with the knowledge and approval of his landlord. The latter may have been willing to allow him to draw the insurance money in case of the destruction of the buildings by fire to enable him to rebuild them. While it may be a hardship to the appellant to deny his right to remove the buildings, we cannot see our way clear to come to any other conclusion consistent with the recognized rules of law.

The decree is affirmed, and the appeal dismissed at the costs of the appellant.