John Albert, Appellant, *v.* John Uhrich, Valentine D. Uhrich, George H. Uhrich and Amanda M. Kline, Owners, and Frederick Foltz, Lessee.

*Fixtures—Husband and wife—Mortgage.*

Where a husband voluntarily, at his own expense, places on his wife's real estate consisting of a mill property which he is managing as her agent, a boiler and an engine, with suitable connections for furnishing power when the water is low, and subsequently joins his wife in executing a mortgage on the land, the boiler and engine are not trade fixtures, and the husband, as against the mortgagees or purchasers at sheriff's sale on proceedings under the mortgage, has no right to remove them.

Argued Feb. 16, 1897.   Appeal, No. 548, Jan. T., 1896, by plaintiff, from judgment of C. P. Lebanon Co., June T., 1895, No. 404, for defendants non obstante veredicto.   Before Sterrett, C. J., Green, McCollum, Mitchell and Dean, JJ. Affirmed.

Trespass to recover the value of certain fixtures.   Before E. W. Biddle, P. J., of the ninth judicial district, specially presiding.

At the trial, under the instruction of the court the jury returned a verdict in favor of the plaintiff for $732, subject to the following question of law reserved: "Did a good title to the boiler, engine and appliances mentioned in the plaintiff's statement pass to the purchasers of the mill property in 1893 by the sheriff's sale and conveyance?   If this question shall hereafter be answered in the affirmative, judgment will be entered in favor of the defendants non obstante veredicto."

The court subsequently filed the following opinion on the question of law reserved:

In the year 1878, the wife of plaintiff became the purchaser of a mill property in Lebanon county, which was sold by the plaintiff's assignees, and, subsequent to that date, the business was conducted by the husband in the wife's name without other compensation than a living.   In 1882, they duly executed a mortgage on the premises to secure a debt of the wife, upon

which mortgage the property was sold to the defendants, and a conveyance by the sheriff made to them on Feb. 20, 1893. The mill, which was an old one, had been run entirely by water power until 1885, in which year the plaintiff at his own expense placed upon the property a boiler and engine, with suitable connections, for the purpose of furnishing steam power when the water was low. The walls of the mill were of brick and stone, and the engine and boiler were set upon a brick foundation in a small frame building which was built up to and against one of the mill walls. Necessary shafting passed through one of the mill windows, and the belt worked through an opening which was cut in the brick wall for that purpose, whilst people went from one building to the other beneath the ground floor. The engine was never run except when the dam was very low, consequently at the time of the sheriff's sale it had been actually used only about seven months. Notice was duly given at the sale that the plaintiff claimed title to the articles in dispute. The defendants took charge of the premises immediately after the deed was given, and in the following month put in an additional pump in order that the steam machinery might be properly operated. In April, the plaintiff moved away, leaving the machinery in place at the buildings, and the present action is for the purpose of recovering its value, upon the theory that it was improperly taken and used by the defendants.

The right of a tenant for years to remove what are called trade fixtures during his term, although affixed to the freehold, has been generally recognized both in this country and in England. In all the recent cases, however, the true criterion has been held to be the intention on the part of the tenant to remove the fixtures during his term, at the time he placed them upon the property. The manner of their annexation is no longer the test: Carver v. Gough, 153 Pa. 225. Yet if fixtures, which the tenant might remove during his term, be suffered to remain after its expiration, they become inseparable from the freehold, and an action will not lie by the tenant to recover damages for their conversion. Whilst they remain attached, they are part of the realty: White v. Arndt, 1 Whart. 91; Overton v. Williston, 31 Pa. 155; Darrah v. Baird, 101 Pa. 265.

The plaintiff in this case is clearly in no better position than a tenant who has erected trade fixtures upon a leased property

and at the expiration of his term has left them in the landlord's possession. Indeed, we are of opinion that he would have had no right to remove the boiler and engine even prior to the sale. Whilst the business was being run by him for the wife, and in her name, he attached to the freehold certain articles which forthwith became part of the milling plant. If they had been put there by a tenant during his term, a lack of intention to convert into realty would have been presumed in his favor: Hill v. Sewald, 53 Pa. 271; Watts v. Lehman, 107 Pa. 106; yet no such presumption can properly arise in behalf of a husband who voluntarily places fixtures on his wife's land which he is managing as her agent. In the absence of any evidence to the contrary, we may conclude that he intended to make the articles a permanent improvement to the premises. In this respect he comes within the operation of the general principle that where one fixes his own chattels on the land of another, such act is in legal effect a gift of them to the owner of the soil. We are of opinion, therefore, first, that as against the mortgagee plaintiff did not have the right at any time to remove the fixtures in controversy; and, second, that if such right had existed in him, his failure to take them away, prior to the sheriff's conveyance, left him powerless thereafter either to remove them, or to recover from the purchasers damages for their conversion.

And now, October 13, 1896, it is directed that judgment be entered upon the reserved point in favor of defendants non obstante veredicto.

*Error assigned* was in entering judgment for defendants non obstante veredicto.

*Chas. M. Zerbe*, with him *J. M. Funck*, for appellant.—It is not the character of the physical connection with the realty which constitutes the criterion of annexation. A brick structure upon which the boilers are placed is essential for their use. The fire cannot be applied to the boiler to make steam unless it be built into a structure to prevent the escape of the heat: Hill v. Sewald, 53 Pa. 271; Lemar v. Miles, 4 Watts, 330; White's App., 10 Pa. 252; Van Ness v. Pacard, 2 Peters, 146; Vail v. Weaver, 132 Pa. 363.

The conversion of the steam machinery to their own use by the defendants furnishes a sufficient reason for its non-removal by the plaintiff when he left the premises in April, 1893.

Demand and refusal are only evidence of conversion; and if conversion be shown otherwise, they need not be proved: Horsefield v. Cost, Addison, 153; Harger v. McMains, 4 Watts, 418; Vail v. Weaver, 132 Pa. 363.

*W. M. Derr,* for appellees.—The appellant, at the time the chattels were attached to the realty of his wife, was neither a tenant nor lessee, and having put in the improvement which the wife refused to pay for, and he promised, and did pay for, without contract of hiring or removal, placed himself in the condition of one who fixes his own chattels on another's land, which is in legal effect a gift of them to the owner of the land: Hill v. Sewald, 53 Pa. 271; Oves v. Ogelsby, 7 Watts, 106; Overton v. Williston, 31 Pa. 158; Roberts v. Dauphin Deposit Bank, 19 Pa; 71; Christian v. Dripps, 28 Pa. 271.

Trover lies only for the conversion of personal chattels. Fixtures are not goods and chattels for all purposes. They are not unless made so by the tenant's severance, or for the benefit of his execution creditors. While they remain attached they are a part of the freehold: Darrah v. Baird, 101 Pa. 265.

Per Curiam, March 1, 1897:

On the assumption that the plaintiff was legally entitled to recover in this case, the jury found in his favor a small percentage of his claim—all in fact that he was able to prove—subject to the opinion of the court on the following question of law reserved: "Did a good title to the boiler, engine and appliances mentioned in the plaintiff's statement pass to the purchasers of the mill in 1893 by the sheriff's sale and conveyance?" The court being of opinion that it did, afterwards entered judgment in favor of the defendants on the reserved question non obstante veredicto. That was clearly right. According to the undisputed evidence the articles in question never were trade fixtures, and the plaintiff had no right to remove them either before or after the sheriff's sale under the mortgage.

Our consideration of the questions involved has led us to the conclusion that there is no merit in any of the specifications of

error; nor do we think either of them requires discussion. For satisfactory reasons given in the opinion of the learned president of the 9th judicial district who specially presided at the trial, the judgment non obstante veredicto was rightly entered.

Judgment affirmed.