## Straight v. Mahoney.

*Fixtures—Trade fixtures—Intention—Landlord and tenant.*

The true criterion in determining what are trade fixtures, is the intention on the part of the tenant to remove the fixtures during his term at the time he placed them upon the property.   The intention which thus becomes controlling is not the undisclosed purpose of the actor, but the intention implied and manifested by his acts.   The question is always a mixed question of law and fact.

*Fixtures—Trade fixtures—Drug store.*

The court cannot say as a matter of law that counters, prescription cases

and shelving in a drug store are trade fixtures. It is not so universally the custom to equip a drug store by physically annexing such articles to the real estate as to justify the court in holding that they were fixtures, without evidence of the intention and manner which determined their construction and use. They might readily be articles used in the profession without being trade fixtures. A jury should determine the fact.

Argued Oct. 23, 1900. Appeal, No. 29, Oct. T., 1900, by plaintiff, from order of C. P. McKean Co., June T., 1899, No. 337, refusing to take off nonsuit in case of A. M. Straight v. James Mahoney. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Trespass to recover damages for the alleged wrongful taking of personal property in a drug store. Before MORRISON, J.

At the trial the court entered a compulsory nonsuit, which it subsequently refused to take off.

On a motion to take off the nonsuit, MORRISON, J., filed an opinion in which he stated the facts to be as follows:

At the trial it was conceded that for some years prior to 1896, one C. S. Whitney was the owner of certain real estate at Mt. Alton, consisting of a lot of land and hotel building thereon, known as the Butts House. Whitney had leased this property prior to 1896, to Ward and King, who had placed in the corner store room, on the ground floor of said hotel building, shelving, counters and prescription case, fitting said room for a drug store. The shelving, counters and prescription case constituted what is known as trade fixtures. There is no question raised here that they were owned by Ward and King, and their value was about $240.

In February, 1896, the plaintiff bought these trade fixtures from Ward, and later, on April 7, 1896, this property was sold by a constable on an execution against Ward and King, and the plaintiff purchased it at that sale. Sometime in 1896, the defendant, Mahoney, went into possession of the Butts House property under a lease or contract with C. S. Whitney, under which Mahoney subsequently became the owner of the real estate. On April 7, 1896, the defendant, Mahoney, and the plaintiff, Straight, executed a certain tenant lease for the store room, in which the said trade fixtures were in use.

By this lease, in consideration of the sum of $1.00, the plain-

155, (1901).]   Statement of Facts—Opinion of the Court.

tiff, Straight, was to have the use of said store room from April 7, 1896, until February 1, 1897, then next ensuing, and fully to be completed and ended on February 1, 1897. No mention is made of these trade fixtures in the lease. At the date of this lease the plaintiff owned the fixtures and there can be no doubt of his right to remove them during the term of said lease. But this he did not do. The evidence shows conclusively, without dispute, that after February 1, 1897, the said room with the counters, shelving and prescription case were in the possession of Mahoney, the defendant. By the said lease of April 7, 1896, the plaintiff, Straight, fully recognized Mahoney as his landlord. After the expiration of said lease, Straight attempted to remove said trade fixtures from the room covered by his expired lease. Mahoney refused to permit such removal, claiming to Straight, that he, Mahoney, then owned such fixtures. Straight then demanded the fixtures and afterwards brought the pending action in trespass to recover their value.

*Error assigned* was refusal to take off nonsuit.

*Eugene Mullin*, of *Mullin & Mullin*, for appellant, cited Campbell v. O'Neill, 64 Pa. 290, and Davis v. Moss, 38 Pa. 346.

*James George*, with him *J. N. Apple*, for appellee, cited Overton v. Williston, 31 Pa. 158, Davis v. Moss, 38 Pa. 346, Thropp's Appeal, 70 Pa. 395, Jackson and Gross, 3 Landlord and Tenant, p. 54, Hill v. Sewald, 53 Pa. 274, Seeger v. Pettit, 77 Pa. 440, Carver v. Gough, 153 Pa. 225, and Albert v. Uhrick, 180 Pa. 283.

OPINION BY ORLADY, J., January 22, 1901:

The plaintiff brought an action of trespass to recover in damages the value of certain " counters, prescription case, drawers and shelving " which were in use in a drug store that had been leased by the defendant to the plaintiff. The named articles had been placed in the drug store by a former tenant, through whom the plaintiff derived his title to them. On the trial their value was admitted to be $250, and the court, on motion of the defendant, directed a compulsory nonsuit, which it subsequently

declined to take off for the reasons as stated, " that the property consisted of what is known as trade fixtures, and that the plaintiff had not taken proper steps to remove them prior to the expiration of the lease." As to what fixtures are, is always a mixed question of law and fact. " In all the recent cases, the true criterion has been held to be, the intention on the part of the tenant to remove the fixtures during his term, at the time he placed them upon the property." The intention which thus becomes controlling is not the undisclosed purpose of the actor, but the intention implied and manifested by his acts : Campbell v. O'Neill, 64 Pa. 290 ; Heysman v. Dettre, 89 Pa. 506 ; Carver v. Gough, 153 Pa. 225 ; National Bank of Catasauqua v. North, 160 Pa. 303 ; Albert v. Uhrick, 180 Pa. 283 ; Wick v. Bredin, 189 Pa. 83 ; Silliman v. Whitmer, 196 Pa. 363.

There is not sufficient evidence in this case to declare as matter of law that " the two counters, prescription case and shelving " were affixed to the real estate. From all that appears in the testimony they may have been movable articles and as easily shifted in position as chairs or tables. It is not so universally the custom to equip a drug store by physically annexing such articles to the real estate as to justify the court in holding that they were fixtures, without evidence of the intention and manner which determined their construction and use. They might readily be articles used in the profession without being trade fixtures. A jury should determine the fact, and the court erred in entering the compulsory nonsuit.

The judgment is reversed and a venire facias de novo awarded.