## McKay v. Meyer Jonasson & Company, Incorporated, Appellant.

*Equity—Findings of fact—Trade fixtures—Elevator.*

1. Where the tenant of a four story building for a number of years takes out the elevator and closes up permanently the openings thereof, and subsequently installs a new elevator in connection with a new staircase and skylights, and these changes effect a condition of the building substantially different from its former one, and the lease forbids the removal of improvements made by the lessee, the new elevator installed by the lessee is a fixture which he will not be permitted to remove at the end of his lease.

2. In determining whether an improvement placed by a tenant in a leased building is or is not a trade fixture, it is not the character of the physical connection with the realty which constitutes the criterion of annexation, but it is the intention of the tenant at the time he makes the addition to the property.

Argued April 25, 1910. Appeal, No. 122, April T., 1910, by defendant, from decree of C. P. No. 2, Allegheny Co., April T., 1909, No. 935, on bill in equity in case of Anna E. McKay v. Meyer Jonasson & Company, Incorporated. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

294 McKAY *v.* MEYER, JONASSON & CO., Appellant.

Bill in equity for an injunction.  Before FRAZER, P. J.
The facts are stated in the opinion of the Superior
Court.

*Error assigned* was decree awarding an injunction.

*S. Leo Ruslander,* with him *Weil & Thorp,* for appellant.—The elevator in question is a trade fixture: Fox v.
Lynch, 64 Atl. Repr. 439; Cook & Co. v. Folsom, 2 Lanc.
L. R. 185; Seeger v. Pettit, 77 Pa. 437; Radey v. McCurdy,
209 Pa. 306; Stopper v. Kantner, 29 Pa. Superior Ct. 48;
Donnelly v. Frick, 207 Pa. 597; Hanrahan v. O'Reilly,
102 Mass. 201; Ombony v. Jones, 19 N. Y. 234; Wall v.
Hinds, 70 Mass. 256; Montello Brick Co. v. Trexler, 167
Fed. Repr. 482; Baker v. McClung, 198 Ill. 28.

The elevator in question, being a trade fixture, can be
removed by appellant irrespective of the clause of the
lease which provides that the lessee shall not remove,
destroy or damage in any way improvements made by
the lessee or the lessor on the premises without the written consent of said lessor: Hayford v. Wentworth, 97
Me. 347; Wall v. Hinds, 70 Mass. 256; Montello Brick
Co. v. Trexler, 167 Fed. Repr. 482; Baker v. McClung,
198 Ill. 28; Hey v. Bruner, 61 Pa. 87; Cook & Co. v. Folsom, 2 Lanc. L. R. 185; Carver v. Gough, 153 Pa. 225;
Isman v. Hanscom, 217 Pa. 133; Bishop v. Elliott, 11
Exchequer, 113; Holbrook v. Chamberlin, 116 Mass. 155;
Cubbins v. Ayres, 4 Lea (Tenn.), 329; Liebe v. Nicolai,
30 Oregon, 364; Smusch v. Kohn, 49 N. Y. Supp. 176;
Fox v. Lynch, 64 Atl. Repr. 439.

*J. M. Shields,* for appellee.—There must be an intention on the part of the tenant to remove the fixtures during his term at the time he placed them upon the property: Straight v. Mahoney, 16 Pa. Superior Ct. 155;
Carver v. Gough, 153 Pa. 225; Bank v. North, 160 Pa.
303; Muehling v. Muehling, 181 Pa. 483; Silliman v.
Whitmer & Sons, 11 Pa. Superior Ct. 243.

The elevator in this case must be regarded as a substitution for an essential part of the leased premises, and was not removable but was to be regarded as a permanent fixture: Ashby v. Ashby, 59 N. J. Eq. 536; Hay v. Tillyer, 14 Atl. Repr. 18; Pond & Hassey Co. v. O'Connor, 70 Minn. 266; Bovet v. Holzgraft, 5 Tex. Civ. App. 141 (23 S. W. Repr. 1014).

The elevator could not have been removed without serious injury to the freehold, and the premises so far as it was concerned would not have been in as good plight and condition after removal as before the annexation. But the parties by their agreement may restrict all rights of removal of trade or other fixtures by the tenant: French v. Mayor, etc., of New York, 16 How. Pr. 220; Simpson Brick Press Co. v. Wormley, 61 Ill. App. 460; Carver v. Gough, 153 Pa. 225; Agnew v. Whitney, 10 Phila. 77; Harris v. Kelly, 13 Atl. Repr. 523.


Opinion by Head, J., October 10, 1910:

The learned trial judge sitting as a chancellor reached the conclusion that the elevator, which had been installed by the lessees and which they threatened to remove at the expiration of their term, was not a trade fixture removable at their pleasure, but was a permanent addition to or alteration of the leased building intended to remain there after the expiration of the lease. If this conclusion resulted from the application of the correct legal principle to sufficient facts proven, the decree appealed from must be affirmed without regard to the remaining question involved.

There can no longer be any room for doubt as to the legal principle which must control in questions of this nature. In Seeger v. Pettit, 77 Pa. 437, Mr. Justice Paxson said, after referring to a number of earlier cases: "The true rule to be deduced from these authorities is, that it is not the character of the physical connection with the realty which constitutes the criterion of annexation, but it is the intention to annex." In Straight v.

Mahoney, 16 Pa. Superior Ct. 155, our Brother ORLADY thus stated the rule: "What fixtures are, is always a mixed question of law and fact. 'In all the recent cases, the true criterion has been held to be, the intention on the part of the tenant to remove the fixtures during his term, at the time he placed them upon the property.' The intention which thus becomes controlling is not the undisclosed purpose of the actor, but the intention implied and manifested by his acts." A long line of cases is there cited to support the authority of the rule thus stated.

The learned trial judge fully recognized the existence of this controlling principle, and taking it for his guide he turned his attention to the evidence which tended to throw light on the question of the intention of the parties at the time the elevator was installed. Some of the facts disclosed by this testimony which impressed the learned trial judge may be thus briefly stated. The building which was the subject of the lease was a four story brick building on one of the prominent business streets of the city of Pittsburg, which of course would find its most natural and profitable use as a business building. At the time of the lease it was equipped with a power elevator or lift furnishing communication between the several floors. The new lessees took a long lease, to wit, seven years. Their business was active and growing. They removed entirely the elevator which they found in the building and closed up permanently the openings through the several floors in which it operated. For the first two or three years of their term they seemed to have preferred to conduct their business without substituting anything in its place. When perhaps three years of the term had expired they wrote a letter to the lessor, dated August 17, 1904, in which they declared their desire "to make certain alterations in your building consisting of removing two staircases to different locations and replacing one with a very fine ornamental staircase, also putting two skylights on the first floor and installing a first class Otis electric elevator. We would thank you if you would very kindly

give your permission for these alterations at your convenience." To this request the lessor answered in writing two days later as follows: "I have no objections whatever to the improvements you contemplate making on my building, provided, however, the building is not weakened thereby, etc." Pursuant to the request and permission above referred to, these "alterations" or "improvements," as they were respectively designated by the lessees and the lessor, were made and so continued until the lease was about to expire, when the lessees notified the lessor of their intention to remove the elevator and its equipment. To prevent this the present bill was filed and resulted in a permanent decree enjoining the lessees from removing the elevator.

It further appears that the stairways and skylights which were a portion of the same alteration referred to by the lessees in their letter were not to be disturbed. No intention was manifested of interfering with them or doing aught but leaving them as permanent alterations of the building. It is to be observed further that the elevator threatened to be removed was not entirely an addition to the equipment and facilities of the building, placed there by the lessees, but it was a substitute—a more efficient one doubtless, but still a substitute—for the elevator which had served the building prior to its alteration by the lessees. There was no suggestion of the restoration of the building to the condition that existed when the lease was made. When the new elevator was installed the joists of the several floors had to be cut to provide the necessary openings, and these in turn had to be framed so that no weakness of the floors would result. These openings perhaps could be closed up without any weakening of the building, but it would thus be left in a condition substantially different from its former one.

Taking into consideration then the facts recited, and the further fact that the lease provided that the lessees were not to "remove, destroy or damage in any way improvements made by the lessees on the premises without

the written consent of the lessor," we cannot say that the conclusion reached by the learned trial judge, in so far as it was a conclusion of fact, was not warranted by the testimony. In other words, if this issue were presented in the trial of a common-law action, we could not say, in the face of all of this testimony, that there was nothing to submit to the jury upon which they could properly predicate a finding that when the elevator was installed it was not the intention to remove it. If that be true then the finding of the learned judge below must have the same force and effect here and now as if we were dealing with the verdict in the case supposed. It is not important whether this court would reach the same conclusion on the same testimony as did the learned judge below. It is his function to determine questions of fact or mixed questions of law and fact. It is our function to see that he recognizes and applies correct legal principles and that his conclusions of fact rest upon sufficient supporting testimony. Beyond this we have no right to go.

Viewing the record in this light, we are of opinion that the conclusion reached by the learned judge cannot and ought not to be disturbed. And as this conclusion, under the well-settled legal principles we have referred to, necessarily resulted in the decree complained of, there remains nothing for us to do but to dismiss the appeal.

Decree affirmed.